# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tawoos Bazargani, M.D., : 
                 Appellant :
                                     :
        v. :
                                       :
Latch's Lane Owners Association and : 
The Board of Latch's Lane Owners : 
Association and The Manager Ms. : No. 597 C.D. 2015
Claire Staffieri : Submitted: February 5, 2016

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI               FILED: February 24, 2016

        Tawoos Bazargani, M.D. (Dr. Bazargani) appeals *pro se* from an administrative order of the Court of Common Pleas of Montgomery County (trial court) directing the Montgomery County Prothonotary (Prothonotary) to terminate the case in accordance with its prior disposition on appeal. For the reasons that follow, we affirm.

The pertinent facts are as follows. In *Bazargani I*,[1] the trial court entered judgment against Dr. Bazargani in the amount of $22,242.88, plus interest, at a rate of six percent per annum as of September 17, 2010, with respect to unpaid condominium fees. After the trial court entered judgment, Dr. Bazargani appealed to this Court and we affirmed. Dr. Bazargani then initiated an action in the trial court (*Bazargani II*)[2] alleging that Latch's Lane Owners Association (Association) improperly assessed her late fees and interest and denied her the right to inspect, copy and review the Association's capital contribution file. She also asserted that the Association discriminated against her on religious grounds and defamed her. Following the Association's preliminary objections, the trial court dismissed Dr. Bazargani's lawsuit, finding that her claims regarding the Association's assessments and fees and its failure to allow her to inspect, copy and review the file were fully resolved in *Bazargani I*. It also dismissed her defamation and discrimination claims on other grounds, and this Court affirmed in all respects. Dr. Bazargani did not further appeal our decision in *Bazargani II*.

Subsequently, pursuant to Montgomery County Local Rule of Judicial Administration 1901 regarding the termination of inactive cases, the trial court issued a notice dated October 20, 2014, advising:

> In accordance with RJA 1901 of the Court of
> Common Pleas of Montgomery County, the Court

---

[1] *See Latch's Lane Owners Association v. Bazargani* (Pa. Cmwlth. No. 2408 C.D. 2009, filed April 13, 2010).

[2] *See Bazargani v. Latch's Lane Owners Association* (Pa. Cmwlth. No. 1777 C.D. 2011, filed February 6, 2012).

2

intends to terminate this case without further notice because the docket shows no activity in the case for at least two years. You may stop the court from terminating the case by filing a Statement of Intent to Proceed. The Statement of Intent to Proceed should be filed with the Prothonotary….

Following the filing of a statement of intention to proceed pursuant to RJA 1901, the Court may schedule a Discovery Management Conference….

(Notice of Proposed Termination of Court Case, at 1.)

Dr. Bazargani then filed a statement of intent to proceed, which prompted the trial court to generate a discovery management conference order. On March 10, 2015, the trial court held a discovery management conference, at which the trial judge advised Dr. Bazargani that:

this case should not have been listed, because your complaint was dismissed by Judge Ott some time ago, back in 2011, and the Commonwealth Court affirmed that dismissal...

How the court administration or the prothonotary did not see that, I don't know. But this case is ended, and you were wrongfully told that you had a right to continue on with it.

(3/10/15 Status Conference Transcript, at 1.)

Further, the following exchange occurred:
DR. BAZARGANI: Okay. This case after was basically was [sic] dismissed for lack of jurisdiction for subject matter. Therefore, timely, I filed the complaint in [sic]

3

Pennsylvania Human Relation Commission. Pennsylvania Human Relation Commission denied, but provided me with the right to pursue in this court.

THE COURT: Well, that may be the case. But, ultimately, the case here, that was filed in 2010, was dismissed by Judge Ott. He wrote an opinion about it, it went up to the Commonwealth Court, and the Commonwealth Court affirmed what Judge Ott did. Nothing happened after that. There was no appeal to the Supreme Court in the docket entry, and the docket entries reflect that the order of Judge Ott was affirmed.

* * *

DR. BAZARGANI: The appeal followed in Commonwealth Court of Pennsylvania.

THE COURT: You did not appeal that. At least not on this docket.

DR. BAZARGANI: Yes. I have appealed to the Commonwealth Court of Pennsylvania.

THE COURT: Correct. And the Commonwealth Court of Pennsylvania affirmed that your case was dismissed.

DR. BAZARGANI: Yes.

THE COURT: Right. They said the judge was right in dismissing your case. And then, at that point, nothing happened. Why the—well, the computer system then automatically spit out a notice to terminate, and then that's what did happen. And then you provided a statement that you intended to proceed. However, that computer notice to terminate was inappropriately sent out. The case was done, once 30 days passed and you did not appeal to the Supreme Court from the Commonwealth Court's decision. Do you understand?

DR. BAZARGANI: Yes, sir, I do understand. To the best of my knowledge, the whole appeal went through, including Supreme Court.

4

THE COURT:  No.  There was no appeal to the Supreme Court, at least not on this docket.

*  *  *

DR. BAZARGANI:  Your Honor, but after the Human Relation Commission, I filed twice in the Montgomery Commonwealth [*sic*] Court.

THE COURT:  Well, maybe you did—maybe you filed something else here, but not in this case.  This case, indexed at 2010-17409, is done.  And frankly, I'm sorry that you bothered to have to come here, because the notice to terminate should not have even been sent.  They could have terminated it because the time period was done, the case was done by virtue of an appellate order.  The case is done.  I don't know how else to tell you, but it's done.

I'm sorry for any inconvenience being here today, but I'm issuing an order directing the prothonotary to terminate this case.  All right?  I know it's not all right.  But you didn't do anything about it after the Commonwealth Court denied your appeal.

DR. BAZARGANI:  Your Honor, I have one more question.

THE COURT:  Okay.

DR. BAZARGANI:  To reopen the case for the recent events—

THE COURT:  You cannot reopen this case.  It is done.  This case, indexed at this number, is done.  There is no legal mechanism to reopen this case.  It's final.  The appeal order from the Commonwealth Court, once you did not appeal it any further to the Supreme Court, became a final order dismissing the case.

*  *  *

THE COURT:  Do you understand that?

5

DR. BAZARGANI: Totally, I understand.

(*Id.* at 2–5.)  Accordingly, the trial court entered an order dated March 10, 2015, stating that the case was listed for a discovery management conference in error and directing the Prothonotary to terminate the case.

Thereafter, Dr. Bazargani appealed, claiming that the trial court's order violated her due process rights.  In a subsequent opinion, the trial court deemed the appeal wholly frivolous, noting that any confusion which resulted from the automatically generated notice was cleared up on the record at the status conference.

We agree.  The instant appeal is from an administrative order, terminating this case pursuant to our decision in *Bazargani v. Latch's Lane Owners Association* (Pa. Cmwlth. No. 1777 C.D. 2011, filed February 6, 2012), which Dr. Bazargani did not appeal further.  The notice, which was automatically generated by the trial court, albeit in error, did not and, in fact, could not, provide Dr. Bazargani with the right to relitigate this case after it was already dismissed.

Accordingly, we affirm the trial court's order terminating the instant case.

_____
DAN PELLEGRINI, Senior Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tawoos Bazargani, M.D., :
     Appellant :
        :
   v.     :
        :
Latch's Lane Owners Association and :
The Board of Latch's Lane Owners :
Association and The Manager Ms. :
Claire Staffieri    : No. 597 C.D. 2015

# **O R D E R**

AND NOW, this 24th day of February, 2016, the order of the Court of Common Pleas of Montgomery County in the above-referenced matter is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge